**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JACOBO SALAN-ESPINOZA, | No. 08-73085 |
| Petitioner, | Agency No. A070-642-499 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2011[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Jose Jacobo Salan-Espinoza, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that the death threats Salan received did not rise to the level of past persecution. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006). Substantial evidence also supports the agency's finding that Salan's fear of future persecution is not objectively reasonable in light of his testimony that he does not know who specifically threatened him, that he lived in Guatemala without harm for three years following the threats, and that he is no longer involved with the student committee. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear of future persecution was not objectively reasonable under the circumstances); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (a petitioner's well-founded future fear may be undermined by his "safe and undisturbed residence in his homeland after the occurrence of the event which is alleged to have induced his fear."). In light of our conclusions, we decline to address Salan's contentions that he was persecuted on account of his political opinion or on account of his membership in a particular social group. Substantial evidence also supports the BIA's finding that Salan is not eligible for humanitarian asylum because the harm he suffered was not sufficiently

severe. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *Gonzalez v. INS*, 82 F.3d 903, 910 (9th Cir. 1996) (death threats plus additional harm were not atrocious enough to entitle the petitioner to asylum without a showing of a well-founded future fear). Accordingly, Salan's asylum claim fails.

Because Salan failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, Salan's contention that the IJ did not properly analyze his CAT claim is belied by the record. Substantial evidence supports the agency's denial of CAT relief because Salan failed to establish it is more likely than not that he will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**